RICHARD H. KIMBALL *et al. v.* JOHN PARKS *et al.**

(*Nashville.* December Term, 1924.)

1. **MUNICIPAL CORPORATIONS.** Notice by materialman of claim given within thirty days after abandonment of contract binds surety.

.Notice by materialman of claim against municipal contractor, given within thirty days after abandonment by contractor, *held* valid as against his surety, under Acts of 1899, chapter 182, although surety took over and completed work. (*Post, pp.* 105, 106.)

Acts cited and construed: Acts 1899, ch. 182.

Cases cited and approved: Bristol v. Bostwick, 139 Tenn:, 304; Cass v. Smith, 146 Tenn., 218.

Code cited and construed: Sec. 1135a(T.-S.).

2. **MUNICIPAL CORPORATIONS.** Trust fund doctrine held not to apply where materialman mixed payments by contractor on different jobs.

In action against surety on bond of municipal contractor executed under Acts 1899, chapter 182, where materialman had applied payments by contractor on jobs other than those from which they were received, those received from city job could not be credited to surety, under trust fund doctrine, where there was no certainty that diversions to city job from others did not offset diversions from that job. (*Post, p.* 106.)

3. **MUNICIPAL CORPORATIONS.** Builder's bond not within statute imposing penalty on insurer.

·Builder's bond, executed under Acts 1899, chapter 182, conditioned to pay for materials and labor under contract ʷith city, *held* not insurance policy, with materialman as beneficiary, so as to come under Acts 1901, chapter 141, allowing penalty for refusal to pay promptly. (*Post, pp.* 106, 107.)

Acts cited and construed: Acts 1901, ch. 141; Acts 1899, ch. 182; Acts 1901, ch. 141.

Case cited and approved: Grain Co. v. Weaver, 128 Tenn., 609.

Code cited and construed: Sec. 3340a(T. S.).

4. INSURANCE. Statute imposing penalty on insurance companies for failure to pay losses promptly held penal statute to be construed strictly.

Acts 1901, chapter 141, imposing penalty on insurance companies for failure to pay losses promptly, *held* penal statute, and to be construed strictly. (*Post, p.* 107.)

*Headnotes 1. Municipal Corporation, 28 Cyc., p. 1041 (1926 Anno.); 2. Municipal Corporation, 28 Cyc., p. 1041 (1926 Anno.); 3. Municipal Corporation, 28 Cyc., p. 1041 (1926 Anno.); 4. Insurance, 33 C. J., Section 719 (1926 Anno.).

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. —Hon. W. B. Garvin, Judge.

Sizer, Chambliss & Johnson, for Kimball.

Shepherd & Carden and Allison, Lynch & Phillips, for Parks.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by a materialman against the surety of a contractor for supplies used and furnished in the erection of a municipal auditorium in Chattanooga. The contractor's bond was executed in accordance with the provisions of chapter 182 of the Acts of

1899 (Thompson's-Shannon's Code, section 1135a et seq.), conditioned "to pay for materials and labor used in said contract."

There was a decree in favor of the complainant below, from which the defendant surety has appealed to this court.

The contractor became insolvent, quit the job, and the job was completed by the surety. Within thirty days after the contractor abandoned the work, the material-man served notice of his claim as the statute requires. The surety insists that this notice was premature and ineffectual. Inasmuch as the surety took over the work and finished it, it is argued that the contract was completed within the meaning of chapter 182 of the Acts of 1899, when the surety turned over the building, and notice should have been given within thirty days after this event.

In *Bristol* v. *Bostwick,* 139 Tenn., 304, 202 S. W., 61, and Id., 146 Tenn., 205, 240 S. W., 744, and *Cass* v. *Smith,* 146. Tenn., 218, 240 S. W., 778, it was held that the contract was completed so as to permit notice of claims, when the principal contractor abandoned the work. The circumstance that the surety took over the work does not remove this case from the authority of those cited, in our opinion, nor does it defer the liability of the surety, nor postpone the time for filing claims, for materials already furnished. The principal contractor, to cover whose default the bond was required, has none the less abandoned the job, although the job is completed by the surety, instead of by the city,

The surety further contends that the materialman diverted payments of money by the contractor, which money the contractor had in turn received from the city, to the discharge of debts due from the contractor to the materialman for supplies furnished for another job on which the contractor was engaged. The surety therefore insists that any recovery against it should be credited by such diversions.

If the principle upon which this argument is based be conceded, its application is not apparent on the facts before us. The proof indicates that the materialman likewise applied payments made to it by the contractor of money received from another job in satisfaction of material furnished for the city job. Perhaps there was as much diversion one way as the other. That the surety was at all damaged by the practices complained of is not clear, and the case is therefore not one for administering the trust fund doctrine which is invoked.

Besides a decree for the value of material furnished and not paid for, an additional recovery was allowed on the idea that the insurance penalty statute covered this case.

We think this was a mistake. The statute referred to, chapter 141, of the Acts of 1901 (Thompson's-Shannon's Code, section 3340a), provides as follows:

"The several insurance companies of this State, and foreign insurance companies and other corporations, firms or persons doing an insurance business in this State, in all cases when a loss occurs and they refuse to

pay the same within sixty days after a demand shall have been made by the holder of said policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent. on the liability for said loss; provided, that it shall be made to appear to the court or jury trying the case that the refusal to pay said loss was not in good faith; and that such failure to pay inflicted additional expense, loss or injury upon the holder of said policy; and, provided, further, that such additional liability within the limit prescribed shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss and injury thus entailed.''

As heretofore stated, the instrument upon which suit was brought is a simple bond of tenor prescribed by chapter 182 of the Acts of 1899, conditioned to pay for all materials and labor used in said contract.

Chapter 141 of the Acts of 1901 has been held to apply to fidelity insurance. *Grain Co.* v. *Weaver,* 128 Tenn., 609, 163 S. W., 814. It would, however, be quite a perversion of terms to say that this builder's bond was an insurance policy, or that this materialman was the holder of an insurance policy, or that the contract upon which this suit rests is an insurance contract.

Chapter 141 of the Acts of 1901 has been frequently declared by this court to be a penal statute, and therefore to be strictly construed. The most latitudinarian construction of the statute could scarcely stretch its provisions so as to make it applicable here.

Modified as indicated, the decree of the chancellor will be affirmed.