Peoples Bank & Trust Co. *v.* United States Fidelity & Guaranty Co.*

(*Nashville.* December Term, 1927.)

Opinion filed March 3, 1928.

1. INSURANCE. FIDELITY BOND. PENALTY. CONSTRUCTION OF STATUTE.

Our statute which provides that all insurance companies upon refusal to pay a loss occurring under a policy, within sixty days after demand, shall be liable to the holder of the policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent on the liability etc., is a penalty statute and should be strictly construed. (Post, p. 520.)

Citing: Acts of 1901, chapter 141; Insurance Co. v. Kirkpatrick, 129 Tenn. (2 Thomp.), 55; DeRossett Hat Co. v. Fire Ins. Co., 134 Tenn. (7 Thomp.), 199; Kimball v. Parks, 151 Tenn. (24 Thomp.), 103.

2. INSURANCE. INTEREST.

Fire insurance policies, accident insurance policies and other insurance contracts properly come under the section of our Code which classifies written obligations in respect to the liability of the makers thereof for interest. (Post, p. 521.)

Citing: Thompson-Shannon's Code, sec. 3494; Knights of Pythias v. Allen, 104 Tenn. (20 Pick.), 623.

3. BONDS. PENALTY. INTEREST.

Under our statute a judgment upon a bond with collateral conditions cannot exceed the stipulated penalty, and sureties are only bound to this extent and interest is allowed only after judgment and upon the judgment. (Post, p. 521.)

Citing: State ex rel. v. Blakemore et al., 54 Tenn. (7 Heis.), 638, 657.

**4. FIDELITY BOND. PENALTY. INTEREST.**

A bond executed by a surety company to a bank whereby the surety
company undertook to make good and reimburse the bank such
pecuniary loss as might be sustained by the bank by reason of the
fraud or dishonesty of the bank's cashier in connection with the
duties of his office amounting to larceny or embezzlement, is a
bond with collateral conditions, the penalty of which cannot be ex-
ceeded by the allowance of interest prior to judgment thereon.
(Post, p. 522.)

Citing: Railroad v. Fidelity & Guaranty Co., 125 Tenn. (17 Cates),
658; Fidelity & Guaranty Co. v. Rainey, 120 Tenn. (12 Cates),
357.

**5. INSURANCE. PENALTY. CONSTRUCTION OF STATUTE.
LEGISLATIVE INTENT.**

In the passage of our statute which provides that the insurer "shall
be liable to pay the holder of said policy, in addition to the loss
and interest thereon, a sum not exceeding twenty-five percent,
etc.," the Legislature obviously had in mind a class of written con-
tracts which bore interest, and the penalty was imposed in ad-
dition to interest. The Legislature was not undertaking to deal
with a class of contracts which did not bear interest. (Post, p.
522.)

Citing: Acts of 1901, chapter 141.

---

*Headnotes 1. Insurance, 33 C. J., section 888; 2. Interest, 33 C. J.,
section 83; 3. Interest, 3 3C. J., section 69.

---

## FROM DEKALB.

---

Appeal from the Chancery Court of DeKalb County.—
HON. W. R. OFFICER, Chancellor.

G. S. BUCKER, for Peoples Bank.

WM. G. HALL, J. E. DRAKE, and R. L. TURNER, for U.
S. F. & G. Co.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendant Guaranty Company executed a bond in favor of the complainant bank whereby the defendant, for a stated consideration and upon conditions named, undertook to make good and reimburse the complainant such pecuniary loss as might be sustained by the complainant by reason of the fraud or dishonesty of complainants cashier in connection with the duties of his office amounting to larceny or embezzlement. Suit was brought upon said bond by the complainant, in which it appeared that complainant had sustained a loss for which defendant was liable under the terms of the bond. There was a decree for the complainant in the Chancery Court for the full amount of the bond, $5,000, with interest from the date of the filing of the bill, and $500 additional by way of penalty to cover attorney's fee under Chapter 141 of the Acts of 1901.

The Court of Appeals affirmed the decree of the Chancellor in so far as it allowed a full recovery upon the bond but disallowed interest from the filing of the bill and allowed interest only from the date of the decree below and as upon the sum decreed. The Court of Appeals likewise affirmed the Chancellor's allowance of the statutory penalty against defendant and added $250 to this allowance to cover attorney's fee in the Court of Appeals.

We have granted defendant's petition for *certiorari* herein and the case has been argued in this Court solely upon the question of the applicability of the provisions of Chapter 141 of the Acts of 1901 to bonds or contracts of the nature of the one before us.

It has been assumed in two opinions of this Court that the provisions of the Statute referred to applied to such contracts or to fidelity insurance as it is commonly called. *Kimball* v. *Parks,* 151 Tenn., 103; *Grain Co.* v. *Weaver,* 128 Tenn., 609. In neither of these cases, however, was the question examined. In *Kimball* v. *Parks,* the contract before the Court was a bond of tenor prescribed by Chapter 182 of the Acts of 1899, conditioned to pay for all materials and labor used in a public contract. It was held that this bond was not an insurance policy falling under Chapter 141 of the Acts of 1901. In *Grain Co.* v. *Weaver,* it was held that the case was not one for the allowance of the penalty prescribed in said Statute.

*(1)* Chapter 141 of the Acts of 1901 provides that the several insurance companies of this State and foreign insurance companies and other corporations, firms or persons doing an insurance business in this State upon refusal to pay a loss occurring under a policy, within sixty days after demand, "shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent on the liability for said loss; provided, that it shall be made to appear to the Court or jury trying the case that the refusal to pay said loss was not in good faith, and that such failure to  pay inflicted additional expense, loss or injury upon the holder of said policy; and provided further that such additional liability within the limit prescribed shall, in the discretion of the Court or jury trying the case, be measured by the additional expense, loss and injury thus entailed." The next Section of the Act contains a corresponding and reciprocal provision in favor of the insurer and places the same penalty upon a policy holder who brings a suit in bad faith.

It has been said in a number of our cases that this is a penalty Statute and is to be strictly construed. *Insurance Co.* v. *Kirkpatrick*, 129 Tenn., 55; *DeRossett Hat Co.* v. *Fire Ins. Co.*, 134 Tenn., 199; *Kimball* v. *Parks*, 151 Tenn., 103.

*(2)* The law of Tennessee has classified written obligations in respect to the liability of the makers thereof for interest. Section 3494, Thompson-Shannon's Code, is as follows:

"All bills single, bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned."

A policy of life insurance falls within this Section and bears interest from the time it becomes due and payable. The allowance of interest is imperative. *Knights of Pythias* v. *Allen*, 104 Tenn., 623. Fire insurance policies, accident insurance policies and other insurance contracts proper would come under this Section of the Code.

*(3)* On the other hand, Section 4704, Thompson-Shannon's Code, is in these words:

"In actions brought on bonds or agreements for the payment of money, or with collateral conditions, and recovery had by the plaintiff, the judgment shall be entered for the stipulated penalty, to be discharged by the payment of the principal and interest due thereon, or the damages assessed by the jury, and execution shall issue accordingly."

Under this Section of the Code the judgment upon a bond with collateral conditions cannot exceed the stipulated penalty. The sureties are only bound to this extent and interest is allowed only after judgment and up-

on the judgment. *State ex rel. v. Blakemore, et al.*, 54 Tenn. (7 Heisk.), 638, 657, and cases cited.

*(4)* The obligation upon which this suit is brought is a bond with collateral conditions, the penalty of which cannot be exceeded by the allowance of interest prior to judgment thereupon. *Railroad v. Fidelity & Guaranty Co.*, 125 Tenn., 658; *Fidelity & Guaranty Co. v. Rainey*, 120 Tenn., 357.

*(5)* Going back now to the provisions of Chapter 141 of the Acts of 1901, it will be noticed that the language used is that the insurer "shall be liable to pay the holder of said policy, in addition to the loss *and interest thereon,* a sum not exceeding twenty-five per cent, etc., etc."

Obviously, therefore, the Legislature had in mind a class of written contracts which bore interest. The penalty was imposed in addition to interest. The Legislature was not undertaking to deal with a class of contracts which did not bear interest. Keeping in mind the rule of strict construction referred to, Chapter 141 of the Acts of 1901 being a penalty Statute, we must conclude that said Statute does not apply to the bond or contract upon which this suit is brought.

It results that the decrees of the lower courts in so far as they authorized a recovery against defendant of the statutory penalty must be modified. In other respects the decree of the Court of Appeals will be affirmed.