**SCHAAD v. NEW YORK LIFE INS. CO.**
Civil Action No. 871.

District Court, E. D. Tennessee, N. D.
May 24, 1948.

464

Jennings, O'Neil & Jarvis, of Knoxville, Tenn., for plaintiff.

Cates, Fowler, Long & Fowler and Wilbur W. Piper, all of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This action, commenced in the First Circuit Court of Knox County, Tennessee, was removed to this Court on diversity of citizenship, the jurisdictional amount being claimed. Plaintiff brought suit to enforce rights claimed by him as the insured under two life insurance policies issued by defendant, one dated April 19, 1926, the other May 27, 1927. In addition to the death benefit, each policy provides for monthly payment of $50.00 and waiver of premiums in case the insured becomes totally disabled while the policy is in force and prior to the insured's sixtieth birthday. Plaintiff claims that he is totally disabled within the meaning of the term as used in the policies, that defendant has breached the insurance contracts by refusing to pay the monthly benefits provided in the policies, that he has continued to pay the premiums, and that under the policies and the law of the case he is entitled to the monthly benefits and to a refund of the premiums he has paid since the commencement of his disability.

This is the second suit plaintiff has brought to enforce his claimed rights under the policies. He first sued in the state court January 19, 1943, for disability benefits claimed as being due up to that time. Hearing was before the state court without a jury, and a decision in favor of the insured was rendered June 20, 1946. It was held by the court that the insured was entitled to disability payments of $100 per month, that is, $50 a month under the provisions of each of the $5000 policies. The evidence showed that the insured had applied for disability benefits, had furnished proof of disability, and had been paid monthly benefits from February 15, 1942, to August 15, 1942, when, upon receipt by defendant of a report from defendant's examining physician unfavorable to the insured, the payments were discontinued.

In its decision the court said:

"The Court is of the opinion from this evidence and form the preponderance thereof that the assured was suffering a total disability on August 15, 1942, had been suffering such disability for more than three months prior to that date and was prevented by such disability from performing any work or following any occupation or from engaging in any business for remuneration or profit and is entitled to judgment on both policies."

The decision in favor of the insured covered the period from cessation of payments up to January 19, 1943, the date on which the suit was filed. An appeal was taken to the Tennessee Court of Appeals, and by an opinion filed July 9, 1947, that court affirmed the decision of the trial court. Certiorari was denied by the Tennessee Supreme Court October 18, 1947.

The present suit was commenced July 10, 1946, to recover monthly benefit payments that had fallen due since the filing of the first suit, and for interest on the same. During the pendency of the first suit, the insured paid the annual premiums on the two policies for the years 1943, 1944, 1945, and 1946, and has since paid the premiums for 1947. He claims that the premium payments should be refunded, with interest. He further claims and sues for the 25% penalty provided by Section 6434 of the 1932 Code of Tennessee.

After the first suit was filed, defendant made no demand on the insured for proof of continued disability until about April 2, 1948, when defendant demanded that the insured submit himself to a physician designated by defendant for physical examination. Nor did the insured persist in demands for benefit payments, other than to commence this action immediately after the entry of judgment in his favor in the state court.

The judgment in favor of the insured, entered in the state court July 9, 1946, contained the following:

"Upon the reservation of judgment aforesaid, the Court by its written opinion and findings of fact, filed June 20, 1946, finds the issues in favor of the plaintiff and against the defendant and awards plaintiff a judgment on each count of the declaration in the sum of Two Hundred Fifty ($250.00) Dollars, finding that the plaintiff was totally disabled for the period from August 15, 1942 to January 15, 1943, and had been suffering such disability for more than three months prior to August 15, 1942, and was prevented by such disability from performing any work or following any occupation or from engaging in any business for remuneration or profit * * *."

The Court of Appeals, in reviewing the evidence, said:

"* * * We think the weight of the evidence supports the finding of the trial court that plaintiff was totally disabled within the meaning of the policy and, under the policy provision above quoted, having continued for more than three months, it was not necessary that the proof establish conclusively that his disability would be permanent. We are also of the opinion defendant waived the giving of formal notice of continued disability by failing to point out any deficiency in the proof offered and by having plaintiff examined by a physician."

Decisions of the state courts in the first suit are conclusive that the insured was totally disabled on January 15, 1943. Kontovich v. United States, 6 Cir., 99 F.2d 661. There is a preponderance of evidence in the present suit that the insured's condition has not improved since that date,

but on the contrary has gradually deteriorated. This Court is not a court of appeals from decisions of the state courts. Freeman v. Bee Machine Co. Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. Should this Court now find that the insured is not totally disabled, the result would be to overrule the finding of the state court. That result is excluded by the finality of the judgment in the state court, as well as by the federal rules of procedure and the provisions of the Judicial Code. 28 U.S.C.A. § 81; Rorick v. Devon Syndicate, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303; Cain v. Commercial Publishing Co., 232 U.S. 124, 34 S.Ct. 287, 58 L.Ed. 534; Savell v. Southern R. Co., 5 Cir., 93 F.2d 377, 114 A.L.R. 1261; Federal Rules of Civil Procedure, rule 81(c), 28 U.S.C.A. following section 723c. Inasmuch as the insured was totally disabled on January 15, 1943, and has gradually grown worse in physical condition since that date, the conclusion is unavoidable that he is totally disabled now.

■ This Court will follow the state court in its construction of the insurance contracts and its application of the facts and law thereto. Section 6086, Williams' 1934 Code; Gray v. Ætna Life Ins. Co., 178 Tenn. 88, 156 S.W.2d 391; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. No state decision could be more in point than that handed down by the state courts in the first litigation between the present parties. It was held by the Tennessee Court of Appeals that the insured was totally disabled within the meaning of the insurance contracts and entitled to the monthly benefit payments. Unless the insured has in some manner forfeited his rights, he is still entitled to the payments.

The disability clause, identical in the two policies, is as follows:

"Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the Insured's age at nearest birthday is sixty.

"Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled as above defined, the following benefits will be granted:"

It is contended by defendant that the insured has failed to give proof of continued disability, as required by the policies. The language of the policies answers this contention. The policies provide that defendant will pay the monthly benefits upon receipt of proof of disability, as that term is defined in the policies. With respect to continuance of disability, they provide further:

"Before making any income payment or waiving any premium, the Company may demand due proof of the continuance of total disability, but such proof will not be required oftener than once a year after such disability has continued for two full years. Upon failure to furnish such proof, or if the Insured performs any work, or follows any occupation, or engages in any business for remuneration or profit, no further income payments shall be made nor premiums waived."

■ The evidence shows that the insured has not been gainfully employed since 1942, but has been totally disabled from performing work or following an occupation. There is nothing in the policies that puts upon the insured the burden of submitting unsolicited proof of continued disability. Initially in 1942 he submitted proof of disability, and benefits were paid. After discontinuance of payments, he again in 1942 submitted proof of disability. Resumption of payments was refused, and the insured was left to his legal remedy. As long as that litigation was pending, the demand for payments was continuing, and the day after judgment in favor of the in-

sured was entered, he commenced the present action. Except for a few hours, there has been no cessation of the insured's demand for disability benefits, and continuously the proof of his disability has been in defendant's possession. Instead of accepting the proof, or of accepting or rejecting it conditionally and demanding further proof, defendant flatly rejected it and discontinued payments, thus forcing the insured to bring suit. At no time after commencement of litigation has defendant shown any inclination to recede from its refusal to pay, nor has it suggested that it might reconsider its position upon submission of additional proof. Hence there is no merit to its claim that the insured has failed to make demand, or furnish proof of disability.

Additional questions are presented here on which the state courts wrote no opinion. The insured sues for a refund of the premium payments, with interest. The policies contain the following provision:

"(a) Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred."

■ The annual premium on one of the policies is $165.50, due on or before May 27 of each year. On the other policy the premium is $165.05, due on or before April 19 of each year. Payments of the premiums during disability were not voluntary acts. Pending the outcome of the litigation, liability for the payments of premiums was undetermined, but as the policies required their payments except during total disability, in order to protect himself against possible lapse of the policies it was necessary for the insured to continue the payments. But since it is determined that continuous total disability existed, the premium waiver was operative and the insured is entitled to the refund. Still v. Equitable Life Assur. Soc. of the United States, 165 Tenn. 224, 54 S.W.2d 947, 86 A.L.R. 382. The insured is also entitled to interest from the respective dates of premium payments. Section 7305, Williams' 1934 Code; Unit-

ed States v. Skinner & Eddy Corporation, D.C., 28 F.2d 373.

■ The insured sues also for interest on the monthly benefit payments from the time they were due, and to this interest, also, he is entitled. Peoples Bank & Trust Co. v. United States Fidelity & Guaranty Co., 156 Tenn. 517, 3 S.W.2d 163; Knights of Pythias v. Allen, 104 Tenn. 623, 58 S.W. 241; Code Section 7305.

■■ The result is otherwise as to the claim for 25% penalty, as provided in Code section 6434. This provision of the Code, being penal in nature, is strictly construed. Kimball v. Parks, 151 Tenn. 103, 268 S.W. 117; De Rossett Hat Co. v. London Lancashire Fire Ins. Co., 134 Tenn. 199, 183 S.W. 720; Mutual Life Ins. Co. of New York v. Moore, 26 Tenn.App. 297, 171 S.W.2d 414. Any insistence that defendant acted in bad faith in discontinuing the payments of disability benefits, is not supported by the evidence, nor has the insured in his pleading alleged facts as to additional losses from nonpayment of benefits in sufficient detail to bring the case within the coverage of the penalty statute. Edington v. Michigan Mut. Life Ins. Co., 134 Tenn. 188, 183 S.W. 728; Pacific Mut. Life Ins. Co. v. McCrary, 161 Tenn. 389, 32 S.W.2d 1052.

■ When the case was tried April 8, 1948, both parties moved to amend their pleadings. Defendant sought to amend its answer by setting up the defense of res adjudicata, the substance of which is that the judgment for plaintiff in the state court precluded plaintiff from further action and thus determined the whole liability of defendant. A careful reading of the transcript of the state court proceedings, including the opinions and judgments entered therein, disclose nothing in support of this theory of defense. The first suit was commenced January 19, 1943, the rights of the insured were determined as of that date, and nothing was said or done by the state courts purporting to affect the right of the insured to recover subsequently accruing benefits. Being without merit, defendant's motion to amend its answer should be overruled. See, Kontovich v. United States, 6 Cir., 99 F.2d 661, and cases cited.

By his motion, plaintiff sought to amend his declaration by including averments of continued disability, accrual of benefits, and payment of premiums subsequently to commencement of this suit, with an enlargement of his cause of action to recover these accrued benefits, refund of premiums, and interest and penalty. Counsel for defendant objected to allowance of the amendment on the ground that he had not had an opportunity to prepare his case as to the subsequent period. In their briefs counsel for both parties have presented able arguments for and against allowance of the motions to amend.

While the state rules and decisions cited in the briefs are of persuasive interest, they are not controlling here. It has long been settled that a federal court is not bound by state rules of practice which conflict with a federal statute. Ex parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117. When a case is removed to the federal court, that court proceeds as if the case had originally commenced there, and the federal rules of procedure are applicable. 28 U.S.C.A. §§ 71, 81; Rule 81(c) of Federal.Rules of Civil Procedure; Freeman v. Bee Machine Co. Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Texas Employers Ins. Ass'n v. Felt, 5 Cir., 150 F. 2d 227, 16 A.L.R. 931. Under the federal rules the proposed amendment or supplemental pleading ordinarily would be both permissible and proper. Rule 15(d); City of Texarkana v. Arkansas Gas Co., 306 U. S. 188, 620, 59 S.Ct. 448, 83 L.Ed. 598. However, in this instance, an exercise of sound discretion would seem to require that plaintiff's motion be denied. This is solely on the ground that it was not presented until the day of the hearing, was seasonably objected to by defendant and, in the Court's opinion, with good reason. But disallowance of plaintiff's supplemental pleading will be without prejudice to the bringing of a new action for the enforcement of rights that may have accrued since the filing of this suit.

Plaintiff is entitled to judgment for all of the monthly payments that have accrued under the two policies from January 19, 1943, to July 10, 1946, namely $50 per month under each policy; for interest on each monthly payment from the time of its accrual; for the return of premiums paid by the plaintiff for the years 1943, 1944, 1945, and 1946, and interest on each premium from the date of its payment, the interest in every case to be computed from the time it commences to run, up to the date of entry of judgment herein, the judgment itself to bear interest from the date of its entry. The disability benefit provided in each policy was shown in the state proceedings to have been payable on the 15th of each month.

The motions to amend will be denied, and final judgment will be prepared and submitted for approval and entry in accordance with this opinion.