Tennessee Farmers Mutual Insurance Company

*v.*

Goldman Cherry, Administrator of the Estate of Wayne Cherry.

374 S. W. 2d 371

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

H. Francis Stewart, Watkins McGugin & Stewart, Nashville, of counsel, R. R. Kramer, and Andrew Johnson, Kramer, Dye, McNabb & Greenwood, Knoxville, of counsel, for Tennessee Farmers Mutual Insurance Co.

C. R. Jent, Lafayette, Harold Howser, Gallatin, for Goldman Cherry, Administrator of Estate of Wayne Cherry.

MR. JUSTICE DYER delivered the opinion of the Court.

Goldman Cherry, as Administrator of the Estate of his son, Wayne Cherry, recovered a judgment of $10,-000.00 in the Circuit Court of Macon County, as the result of an automobile accident, against Randall Goodall the driver of the car and Harley Goodall the owner of the car and father of the driver.

This judgment remained unpaid and the Administrator instituted, the case now before the Court, against Tennessee Farmers Mutual Insurance Company on the ground the Goodall car was covered by a liability insurance policy issued by this company. This suit was for the amount of the judgment plus interest and penalties. The judgment entered by the Trial Court in favor of the Administrator is as follows:

"It is, therefore, considered by the Court that plaintiff have and recover of the defendant the sum of Ten Thousand ($10,000.00) Dollars and interest under the insurance contract, and Two Thousand ($2,000.00)

Dollars penalty and the costs of the cause, for which let execution issue."

The Court of Appeals has affirmed this judgment and we have granted certiorari upon the one question of the applicability of the penalty statute, Section 56-1105, T.C.A. to liability insurance contracts of the nature of the one before us.

The Insurance Company insists this question is controlled by the holding of this Court in the case of *Peoples Bank & Trust Company v. United States Fidelity & Guaranty Co.*, 156 Tenn. 517, 3 S.W.2d 163 (1927). This case involved a suit upon a fidelity bond wherein the decree awarded complainant the full amount of the bond and an additional sum of $500.00 as penalty under Chapter 141 of the Acts of 1901 (Sec. 56-1105, T.C.A.)

In an analysis of the Peoples Bank case it is well to note interest was not allowed under the common law. The legislature, first in 1835, enacted a statute, now Sec. 47-1607, T.C.A. wherein certain written obligations, classified therein, were to bear interest from the time they became due. In 1901 the legislature enacted the statute to be construed (Sec. 56-1105, T.C.A.), which used the language the insurer "shall be liable to pay the holder of said policy, in addition to the loss *and interest thereon*, a sum not exceeding twenty five per cent * * *." (Italics ours). The Court then reasoned the legislature intended Sec. 56-1105, T.C.A. to apply to that class of written contracts, which written contracts themselves, bore interest from the time they became due. This statute then would not affect that class of written contracts which did not bear interest.

The Court then examined the bond in the Peoples Bank case and upon finding it was an obligation, which would not bear interest at the time it became due, held this penalty statute (56-1105) would not apply. The Court noted there would be interest after judgment on this bond, but this is interest on the judgment, not upon the bond.

The Court also noted certain insurance contracts, such as, life insurance, fire insurance and accident insurance would be covered by this penalty section, since these types of insurance policies would bear interest from the time they became due, regardless of whether a judgment was recovered on them or not.

The obligations on the part of the Insurance Company in the case at bar arises from a liability policy issued to their insured, wherein the Insurance Company agrees to pay, on behalf of the insured and within specified limits, all sums which the insured shall become legally obligated to pay as such damages because of personal injury or death of any person, or because of injury to, or destruction of property, caused by accident arising out of the ownership maintenance, or use of the vehicle insured. This type of insurance contract would not bear interest prior to any judgment secured thereon and then only upon the judgment; therefore Section 56-1105, T.C.A. would not be applicable to such obligations.

The allowance of any penalty on an insurance contract is solely a creature of statute which was brought into being by enactment of Chapter 141, Acts of 1901. Since the holding of this Court in *Peoples Bank & Trust Company v. United States Fidelity & Guaranty Company,*

supra, in 1927, insurance companies have operated in this State under the holding in this case. Such being the case we would have great reluctance in extending or overruling this holding without benefit of action of the legislature.

The judgment of the Court of Appeals in affirming the award made by the Trial Court of $2000.00 under the penalty statute Sec. 56-1105, T.C.A. is reversed. Otherwise the judgment of the Court of Appeals is affirmed.