GENESCO, INC., et al., Plaintiff,

v.

LIBERTY MUTUAL INSURANCE CO.,
Defendant.

Civ. No. 3407.

United States District Court
M. D. Tennessee,
Nashville Division.

Nov. 6, 1964.

Maclin P. Davis, Jr., of Waller, Lansden & Dortch, Nashville, Tenn., for plaintiff.

William J. Harbison, Jr., of Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., for defendant.

WILLIAM E. MILLER, Chief Judge.

In this action, instituted in the Circuit Court of Davidson County and later removed to this court, plaintiffs sue upon a certain "Blanket Crime Policy" to recover for alleged losses sustained as the result of fraudulent and dishonest acts of a number of their employees. In addition to the alleged loss of $61,448.00 plaintiffs allege that they are entitled to recover the 25% statutory penalty provided for by T.C.A. § 56–1105, on the ground that the failure to pay the loss was not in good faith. Plaintiffs also claim interest upon the amount of the loss from October 25, 1962, the date on which they claim the amount of the loss became payable under the policy.

The action is presently before the Court upon the defendant's motion for partial judgment on the pleadings seeking a dismissal of the complaint to the extent that the plaintiffs seek to recover the 25% statutory penalty and interest upon the alleged loss from the date it became due. In support of the motion, the defendant argues that the policy in question is a policy of fidelity insurance to which the statute providing for a 25% statutory penalty does not apply, citing and relying upon the decision of the Supreme Court of Tennessee in Peoples Bank & Trust Co. v. United States Fidelity & Guaranty Co., 156 Tenn. 517, 3 S.W.2d 163, and also the decision of that court in Tennessee Farmers Mutual

Insurance Co. v. Cherry, Administrator, 374 S.W.2d 371.

In the Peoples Bank & Trust Co. case, the Supreme Court held that the penalty statute applies only to that class of written contracts which, under the laws of Tennessee, bear interest from the date any sums payable thereunder become due. On this reasoning, the Court specifically held that the statute did not apply to a fidelity bond with collateral conditions. It was pointed out that the statute would apply to policies of life insurance, fire insurance, accident insurance and other insurance contracts proper.

In Tennessee Farmers Mutual Insurance Co. v. Cherry, supra, the Supreme Court dealt with the applicability of the statute to a policy of automobile liability insurance. The Court held that such policies under Tennessee statutes would not bear interest until after judgment and consequently would not be covered by the penalty statute. In reaching this conclusion, the Court stated:

"In an analysis of the Peoples Bank case it is well to note interest was not allowed under the common law. The legislature, first in 1835, enacted a statute, now Sec. 47–1607, T.C.A. wherein certain written obligations, classified therein, were to bear interest from the time they became due. In 1901 the legislature enacted the statute to be construed (Sec. 56–1105, T.C.A.), which used the language the insurer 'shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty five per cent * * *.' The Court then reasoned the legislature intended Sec. 56–1105, T.C.A. to apply to that class of written contracts, which written contracts themselves, bore interest from the time they became due. This statute then would not affect that class of written contracts which did not bear interest.

"The Court then examined the bond in the Peoples Bank case and upon finding it was an obligation, which would not bear interest at the time it became due, held this penalty statute (56–1105) would not apply. The Court noted there would be interest after judgment on this bond, but this is interest on the judgment, not upon the bond

"The Court also noted certain insurance contracts, such as, life insurance, fire insurance and accident insurance would be covered by this penalty section, since these types of insurance policies would bear interest from the time they became due, regardless of whether a judgment was recovered on them or not.

"The obligations on the part of the Insurance Company in the case at bar arises from a liability policy issued to their insured, wherein the Insurance Company agrees to pay, on behalf of the insured and within specified limits, all sums which the insured shall become legally obligated to pay as such damages because of personal injury or death of any person, or because of injury to, or destruction of property, caused by accident arising out of the ownership, maintenance, or use of the vehicle insured. This type of insurance contract would not bear interest prior to any judgment secured thereon and then only upon the judgment; therefore Section 56–1105, T.C.A. would not be applicable to such obligations."

It is not clear from the Tennessee decisions what standards or criteria are to be applied in determining whether a policy of a given type bears interest from the date the loss accrues or only from and after the date of the judgment and upon the judgment. In the Peoples Bank case, the Court stated that a fidelity bond with collateral conditions would not bear interest until after judgment. But that other types of insurance contracts do not bear interest prior to judgment is

made clear by the Supreme Court's holding in the Tennessee Farmers Mutual case, placing liability insurance policies in this category. Unfortunately, the opinion in the latter case, while it classifies liability policies as not bearing interest prior to judgment, fails to set forth any specific reasons for such a holding. It is indicated in the opinion, however, that the Supreme Court of Tennessee takes the view that the penalty statute should be strictly construed and not expanded by a process of liberal interpretation. The same thought was expressed by the Supreme Court in the Peoples Bank case. Since the applicability of the penalty statute in turn depends upon the applicability of the interest statute, referred to in both Peoples Bank and Farmers Mutual, and since the interest statute itself is in essence a penalty statute, the Court is of the view that it also should be subject to the rule of strict construction and not extended by implication.

█ It is difficult, if not impossible, to derive any clear line of distinction on the basis of the bare wording of the interest statute, but applying the strict construction rule, it is believed that the Supreme Court of Tennessee would hold that the "Blanket Crime Policy" involved in the present case does not bear interest until after judgment and that the penalty statute is, therefore, without application.

It is to be observed that the interest statute in question, T.C.A. § 47–14–107, was first enacted in 1835, and the penalty statute applicable to certain insurance contracts, T.C.A. § 56–1105, was first enacted by the legislature in 1901. It is doubtful that the comprehensive type of policy involved in the present case, probably of modern invention and insuring against losses arising from multiple causes, such as dishonesty of employees, burglary, robbery, larceny, forgery, theft, etc., was in general use at the time of the enactment of these statutes, or that policies of such character could have been in the mind of the legislature when the statutes were enacted. It is more probable that the legislature had in mind conventional types of insurance which were in general use at the time the statutes were enacted. As pointed out, the interest and penalty statutes do not apply to a fidelity insurance bond, as held in the Peoples Bank case, although the wording of the interest statute [1] would appear to be broad enough to embrace such a contract of insurance. Having excluded such a contract, as well as liability insurance, from the interest and penalty statutes by applying the rule of strict construction, it seems even clearer that Tennessee's highest court would reach the same conclusion as to a "Blanket Crime Policy" covering an almost infinite variety of losses—losses which in most instances at least would be unliquidated and not readily ascertainable in amount.

The Court can find no basis for holding that the interest and penalty statutes should apply to such a policy when they do not apply to a fidelity bond or policy of liability insurance. As pointed out in the Tennessee Farmers Mutual opinion, if these statutes are to be generously and liberally applied, the Legislature of Tennessee should make its intention clear, and the courts should hesitate to resort to an expansive process of interpretation.

An order will therefore be submitted to the Court sustaining the defendant's motion for partial summary judgment and dismissing the complaint insofar as it seeks recovery of the statutory penalty and interest from the date of the loss.

---

1. T.C.A. § 47–14–107 reads: "All bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned."