409 F.2d 619
 71 L.R.R.M. (BNA) 2204
 John L. LEWIS, Henry G. Schmidt and Josephine Roche, as
Trustees of the United Mine Workers of America,
Welfare and Retirement Fund, Plaintiffs-appellants,
v.
Dewey COOK, Jr., individually, and trading as the Days
Branch Darby Coal Company, Defendant-Appellee.
 No. 18585.
 United States Court of Appeals Sixth Circuit.
 April 10, 1969.
 
 Harold H. Bacon, Washington, D.C., Welly K. Hopkins, T. G. Dudley, Washington, D.C., H. B. Noble, Hazard, Ky., on brief, for appellants.
 G. E. Reams, Harlan, Ky., for appellee.
 Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants, Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, appeal from dismissal of their action against defendant-appellee Dewey Cook, Jr., operator of the Days Branch Darby Coal Company. The District Judge held that 'the matter in controversy' did not exceed 'the sum or value of $10,000, exclusive of interest and costs,' as required by 28 U.S.C. 1332(a). Plaintiffs sought to recover from defendant a forty-cent per ton royalty under the terms of the National Coal Wage Agreement of 1950. The complaint alleged that from June 14, 1955 to July 31, 1961, defendant had produced approximately 44,675.63 tons of coal upon which the royalty amounted to $17,870.25; that defendant had paid $4,727, leaving an unpaid balance of $13,143.25, the amount in suit. Defendant's original answer admitted the correctness of the foregoing figures, averring,
 
 
 2
 'that except for the reasons and damages caused to him as hereinafter alleged in his counterclaim herein, he could have and would have paid to the plaintiffs the amount which they are seeking to recover from this defendant in their complaint.'
 
 
 3
 Thus, the 'controversy' made by the pleading exceeded the jurisdictional amount. An amended complaint revised the involved figures so as to reduce plaintiffs' claim to $10,880.74, which amount defendant again admitted he would owe except for the affirmative defense and counterclaim. It was not until more than four years after the filing of the original complaint and answer that further pleadings, interrogatories and discovery revealed, on the eve of trial, that the correct amount of royalth owed to plaintiffs was $9,013. This was the amount claimed by plaintiffs' counsel in his opening statement to the jury.
 
 
 4
 At the conclusion of the proofs, the District Judge directed a verdict for plaintiffs in the amount of $9,013. On April 17, 1967, judgment was entered thereon. On April 26, 1967, defendant moved to vacate judgment, alleging the claimed lack of jurisdictional amount. The District Judge granted the motion, dismissing plaintiffs' action with the recital,
 
 
 5
 'It appears from an examination of the entire record that plaintiffs' claim of jurisdictional amount in excess of Ten Thousand Dollars ($10,000.00) was initially made in good faith; but that said jurisdictional amount was put in issue by the pleadings and that plaintiffs' examination of defendant's records or October 15, 1965, disclosed that the amount in controversy was actually less than Ten Thousand Dollars ($10,000.00). It appears to be undisputed that plaintiffs' recovery herein could in no event exceed the amount set out in counsel's opening statement, namely: Nine Thousand Thirteen Dollars ($9,013.00). 'In the opinion of the Court, plaintiffs' claim is foreclosed by 28 U.S.C. 1332, Federal Rules of Civil Procedure 12(h)(2), and by St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. 'Since plaintiffs could at no time have recovered more than Nine Thousand Thirteen Dollars ($9,013.00) defendant's motion appears to be well taken, unless jurisdiction can be sustained on other grounds.'
 
 
 6
 The District Judge, quite obviously, relied upon the following passage from St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938):
 
 
 7
 'But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, * * *.'
 
 
 8
 We think, however, that he failed to consider the full import of the language immediately following, to wit:
 
 
 9
 'and that his (plaintiff's ) claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.' 303 U.S. at 289, 58 S.Ct. at 590.
 
 
 10
 These quotations must be read in the light of preceding language in the opinion:
 
 
 11
 '* * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.' 303 U.S. at 288-289, 58 S.Ct. at 590.
 
 
 12
 A clarifying discussion of the foregoing excerpt from St. Paul Mercury is contained in Emland Builders, Inc. v. Shea, 359 F.2d 927 (10th Cir. 1966). There the Tenth Circuit emphasized that the conjunctive phrase, 'and that his (plaintiff's ) claim was therefore colorable for the purpose of conferring jurisdiction,' must be read to qualify the immediately preceding language as set out hereinabove.
 
 
 13
 It is obvious that the allegations of plaintiffs' complaint as to the amount due here were made in good faith and were not merely 'colorable for the purpose of conferring jurisdiction.' By reversing here, we follow the decisions of this Court in Fireman's Fund Ins. Co. v. Railway Express Agency, Inc., 253 F.2d 780 (1958), and our recent unreported order in American Creosoting Co. v. Broadbent, No. 18,120 (July 5, 1968).
 
 
 14
 The judgment dismissing plaintiffs' claim is reversed, with direction to reinstate state the judgment of April 17, 1967, awarding plaintiffs the amount of Nine Thousand Thirteen Dollars ($9,013) and dismissing defendant's counterclaim.