Charlotte **BURNETTE**, Individually and for the Use and Benefit of Elmer Brownlee Burnette, Jr.

v.

**GRANDE MUTUAL CASUALTY COMPANY.**

Civ. A. No. 6823.

United States District Court, E. D. Tennessee, N. D.

March 13, 1970.

W. E. Fitzgerald, O. F. Cobb, William D. Vines, III, Knoxville, Tenn., for plaintiff.

H. H. McCampbell, Jr., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

## MEMORANDUM

Charlotte Burnette, individually and for the use and benefit of her son, Elmer Brownlee Burnette, Jr., seeks a recovery for the defendant's alleged bad faith in failing to settle a wrongful death action that arose out of a motor vehicle accident that occurred in Corbin, Kentucky on September 3, 1966. Plaintiff, Charlotte Burnette, is a resident of Tennessee and the defendant is chartered under the laws of Ohio, with principal office at Columbus, but is authorized to do business in Tennessee. Use plaintiff is a resident of Ohio.

Defendant, on September 30, 1965, issued an automobile liability insurance policy in the State of Ohio. Under its terms, defendant agreed to pay all sums which plaintiff became legally obligated to pay for bodily injury to one person up to and including the sum of $10,000.-00 and to defend and pay expenses brought against plaintiff arising out of the use of her automobile, including expense of counsel. The policy extended to any licensed driver driving plaintiff's vehicle with her permission.

On September 3, 1966, Mrs. Burnette's vehicle was being driven by her son, Elmer Brownlee Burnette, Jr., with her permission, in Corbin, Kentucky, when it was involved in an accident with a truck, resulting in the death of a young girl who was a guest passenger in plaintiff's vehicle, Janice Marie Hoag. Suit for the wrongful death of Janice Marie Hoag was instituted in the United States District Court for the Eastern District of Kentucky against plaintiff and her son and the operator of the truck and his principal. Plaintiff claims that defendant defended the suit but failed to advise her of the risks involved, including the possibility of a judgment in excess of the policy limits. She further claims that she and her son were misled by the defendant, through its agents, who led them to believe that suit could not be settled within the limits of the policy. Judgment was rendered in the Kentucky District Court in the amount of $37,410.17 against all of the defendants named in the suit on January 16, 1969. After payments were made by codefendants in the Federal Court and the payment of $10,000.00 by the defendant in this Court, plaintiff was left personally owing the co-defendants' insurance company, Liberty Mutual Insurance Company, the sum of $8,255.08, which is still outstanding as a result of the defendant's wrongful actions.

Plaintiff claims that she and her son were forced to expend certain sums to attend the trial and make arrangements for themselves regarding the case and that as a result of their personal liability now outstanding their credit and reputation has been damaged, placing them on the verge of bankruptcy. She also claims that she has been forced to employ attorneys to handle her affairs as a result of the defendant's actions and has sustained considerable expense as a result thereof.

Plaintiff alleges that the defendant's conduct in failing to settle within its policy limits and failing to properly inform and communicate with plaintiff amounted to a conscious doing of a wrong and a breach of a known duty through a motive of interest and that said conduct was in the nature of fraud.

Plaintiff further charges that defendant's actions were wanton and grossly negligent and in bad faith and in disregard of her rights and were in violation of T.C.A. § 56–1105. Plaintiff sues for the 25% penalty provided for in said statute for defendant's bad faith refusal to settle without reasonable cause.

Defendant has moved to dismiss and urged in support thereof four separate grounds.

It is asserted in the first ground that the Court lacks jurisdiction because the controversy is not between citizens of different states in that Elmer Brownlee Burnette, Jr. is a citizen of the State of Ohio, the State of which defendant is also a citizen. This ground is

without merit. Jurisdiction depends upon the personal citizenship of the parties to the record "and not upon the citizenship of the parties whom they represent." The record shows that named plaintiff is a resident of Tennessee and that the defendant is a resident of Ohio. Deposit Guaranty Bank and Trust Co., Administrator of the Estate of Norman Miller v. Burton, 380 F.2d 346 (C.A. 6). See Rule 17(a) F.R.Civ.P.

■ It is contended in ground No. 2 that Elmer Brownlee Burnette, Jr. is an indispensable party to this action and cannot be made a party without depriving this Court of jurisdiction. This ground also is without merit. The Kentucky judgment appears to have been a joint and several judgment. Charlotte Burnette and her son are liable to Liberty Mutual Insurance Company jointly and severally for the entire amount of the judgment in the District Court. The suit is for the use and benefit of Elmer Brownlee Burnette, Jr. and in the event of recovery, the Court can protect the rights of the defendant against any future claims of Elmer Brownlee Burnette, Jr. See: Provident Trademen's Bank and Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

■ It is contended in ground No. 3 that the complaint fails to state a claim against defendant upon which relief can be granted in that plaintiff or plaintiffs are not the real parties in interest within the meaning of T.C.A. § 20–101, but that the real party in interest is Liberty Mutual Insurance Company, as more particularly appears in paragraph 2 of the affidavit marked Exhibit "A" to the motion. This ground is also without merit. The insured is the real party in interest in an action against an insurance company for bad faith failure to settle a claim within the policy limits. National Farmers Union Property v. O'Daniel, 329 F.2d 60 (C.A. 9); Dillingham v. Tri-State Ins. Co., 214 Tenn. 592, 381 S.W.2d 914 (1964).

■ Finally, the question of jurisdiction is raised in the fourth and final ground which asserts that the amount in controversy is not in excess of $10,000.-00, exclusive of interest and costs. The affidavit of Lewis C. Woolf is relied upon as factual support for defendant's contention. It is stated in the affidavit that the Liberty Mutual Insurance claim was $8,255.08; that Mrs. Burnette's claim for expenses incident to the trial of the wrongful death action was for $64.00 and her son's claim for expenses was for $47.50; and that neither of the Burnettes have incurred attorneys fees or any other substantial expense for which defendant is obligated to reimburse under the insurance policy over and above those items. These statements of affiant do not appear to be controverted. In addition to those items, plaintiff claims that her credit and reputation have been damaged. This allegation is too general to be the basis of damages against an insurance company who has already paid its full coverage under the policy but who is charged with bad faith in failing to settle claims within the limits of its policy.

■ Unless plaintiff is entitled to recover the 25% penalty provided for in T.C.A. § 56–1105, this Court is without jurisdiction. This statute does not apply to an insurance company which fails to settle a claim of a third party within the policy limits so as to protect the insured from a judgment in excess of the policy limits. People's Bank & Trust Co. v. United States Fidelity & Guaranty Co., 156 Tenn. 517, 3 S.W.2d 163 (1927). In that case, the Court stated that the statute covers fire, accident and other insurance contracts which properly come under the section of the Tennessee Code which classifies written obligations in respect to the liability of the makers thereof for interest. The statute provides in part that the insured "shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding 25%." The Tennessee appellate courts have construed

the statute as not to apply to contracts which do not bear interest before judgment. The insurance contract in question does not bear interest.

A more recent Tennessee case is that of Tennessee Farmers Mutual Insurance Co. v. Cherry, 213 Tenn. 391, 374 S.W.2d 371 (1964), which involved a claim similar to the one that is made in the present case. A judgment was rendered as a result of an automobile accident against Randall and Harley Goodall. The Goodall car was covered by a liability insurance policy issued by Tennessee Farmers Mutual Insurance Company. The suit was to recover for the amount of the judgment, plus interest and penalties. The Court held that the insurance policy did not bear interest prior to judgment and then only upon the judgment. It was noted that certain insurance contracts such as liability, fire and accident insurance bear interest and would be covered by the penalty section of T.C.A. 56–1105, but that the policy there did not bear interest and was not covered by the penalty section of the statute.

Plaintiff relies upon the case of Rogers v. United Services Automobile Association, 410 F.2d 598 (C.A.6), a case that originated in this Court. A recovery was sought in this case under an uninsured motorist clause of an automobile liability policy. It was held that where the insured made claim in good faith against an automobile liability insurer for damages of $10,000.00 (this was the face amount of the policy), and for statutory penalty of $2,500.00, that the amount in controversy was in excess of $10,000.00. The holding appears to be based upon the proposition that the amount in that case of $10,000.00 was definite and that such amount bore interest and was covered by the statute.

The other case relied upon was that of Lewis v. Cook, 409 F.2d 619 (C.A.6), which involved an action by trustees of a welfare and retirement fund to recover royalty payments allegedly due by the defendant. The amount alleged to be due was $17,870.25, less $4,727.00 which had been paid. The defendant's original answer admitted the correctness of the figures. At the conclusion of the proof, the District Judge directed a verdict for plaintiffs in the amount of $9,013.00. However, he dismissed the case for lack of jurisdictional amount because the books of the company showed that only $9,013.00 was due. The upper court reversed upon the ground that the allegations of plaintiff's complaint were made in good faith and were not merely colorable for the purpose of conferring jurisdiction. The ruling in that case is not decisive of the present case. The applicable penalty in the present case would be a judgment against the insurance company in excess of the policy limits and not the statutory penalty contained in T.C.A. § 56–1105.

In view of the decision reached, a discussion of defendant's contention that the Tennessee penalty statute does not cover its policy which was written in Ohio and which covered an accident that occurred in Kentucky, is not necessary.

Defendant's motion to dismiss for lack of jurisdiction must be sustained.