## FRED J. KOEBERL v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.[1]

January 12, 1934.

No. 29,734.

*DeReu & Begin,* for appellant.

*Kellogg, Morgan, Chase, Carter & Headley,* for respondent.

[1]Reported in 252 N. W. 419.

478

Plaintiff appeals from an order denying his alternative motion for amended findings or a new trial.

The action is upon a combined life and disability insurance policy; its purpose to recover as for permanent total disability, thus defined by the policy:

"Disability is total when it prevents the insured from engaging in any occupation or performing any work for compensation of financial value."

There was a provision concerning "presumably permanent" disability and another stopping benefits whenever "such total disability has been terminated."

■ December 8, 1930, the policy in force, plaintiff's left arm was so mangled in a corn shredder that amputation above the elbow followed. Disability benefits were paid for three months. This action followed defendant's refusal to continue them. The findings are that while plaintiff's "stump" is at times painful and he has some other discomfort and disability which makes him unable "to carry on the usual work of a farmer," he notwithstanding "has driven an automobile some" and "sometimes drives a team." He has done much plowing, his wife having first hitched the horses to the implement. He has operated a binder during harvest. He helps with the ordinary run of farm chores. Plaintiff is anything but a "quitter." He likes to work and does not propose to be handicapped more than necessary by the absence of left hand and forearm. His commendable determination to remain useful has been so rewarded by success that, as summed up below, he does such work as he is "able to do with one arm." The determinative finding that "plaintiff's disability does not prevent him from performing any work for compensation of financial value" has adequate support in the evidence.

For plaintiff, reliance is put on Carson v. New York L. Ins. Co. 162 Minn. 458, 203 N. W. 209, and Wilson v. Metropolitan L. Ins. Co. 187 Minn. 462, 245 N. W. 826. It is enough to distinguish them from the instant case to emphasize that in each the fact issue had

been determined for the insured by the court or jury below. Therefore, what is said in the decisions is not a holding one way or the other as to the proper decision of the fact issue, but indicates only the reasons which, in our judgment, sustained the one under review. Where the decision is adverse to the insured, upon a record such as we have here, it is improper to disturb the result.

In passing, it is to be noted that the coverage of the policy is of disability preventing engagement "in any occupation *or* performing any work for compensation of financial value." We need not debate whether a different result would be permissible were the coverage of disability to engage "in any occupation whatsoever for remuneration or profit." Compare Berset v. New York L. Ins. Co. 175 Minn. 210, 212, 220 N. W. 561, and Lobdill v. Laboring Mens Mut. Aid Assn. 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 A. S. R. 542.

■ The rule of liberal interpretation of an insurance contract does not permit any court to make a new pact for the parties by arriving at an interpretation in conflict with the clear meaning of the language in which it is framed. Mady v. Switchmens Union, 116 Minn. 147, 133 N. W. 472. We would remake this contract and enlarge its coverage were we to award plaintiff total permanent disability benefits on the facts as established below.

After both sides had rested and each had moved for a directed verdict, the record shows that the attorneys "stipulated that the jury be dismissed and the case submitted to the court." True, the record shows also an "exception," nothing more, by counsel for plaintiff. But the record of the stipulation stands, and there is no factual basis for so much of the argument here as complains of the supposed denial of plaintiff's right to trial by jury. The case was settled in its present form on the written stipulation of the attorneys, signed for plaintiff by Mr. DeReu, who took the "exception" to his own stipulation waiving the jury. No effort was made for plaintiff to procure a correction or other amendment of the settled case. In the memorandum accompanying his order denying the motion, the trial judge certifies again to the correctness of the record of the stipulation "that the jury be dismissed and the case sub-

mitted to the court." The argument for plaintiff, urging that there had been denial of the right to trial by jury, is so lacking in merit that we would not mention it but for the persistence with which it has been pressed.

Order affirmed.