UNITED STATES STOVE CORPORATION, FOR USE AND BENEFIT OF HENDERSON, *v.* ÆTNA LIFE INS. CO.

(*Knoxville*, September Term, 1934.)

Opinion filed July 15, 1935.

J. D. McClarney, of Jasper, for appellant.

Strang, Fletcher & Carriger and J. F. Wheless, all of Chattanooga, and Kelly & Kelly, of South Pittsburg, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit to recover from the Ætna Life Insurance Company the sum of $2,000 for disability benefits upon a certificate issued by it under a group policy covering the employees of the United States Stove Corporation. James B. Henderson, the holder of the certificate, was an iron molder working for the Stove Corporation. The pertinent provision of the policy is as follows:

"If any employee while insured under the policy becomes totally disabled before age sixty and if the disability will presumably prevent the employee for life from engaging in any occupation or employment for wage or profit and if satisfactory evidence of such disability is furnished the Aetna Life Insurance Company at its Home Office, the Insurance Company will pay in accordance with the method designated under the terms of the policy the amount of insurance in force upon such employee's life at the time the disability commenced."

The insured, James B. Henderson, received a gunshot wound at the juncture of the left shoulder and arm, resulting in some loss of muscle tissue and some injury to the nerves of the upper portion of the left arm, and

resulting, according to all the medical testimony, in an impairment of between seventy-five or eighty per cent. in the use of the left arm, and an impairment of fifteen or twenty per cent. in the ''grip'' of the left hand. Insured can move his arm laterally, but cannot raise it vertically above the shoulder.

There was no other impairment of bodily function or health, except insured testified that when he allowed his head to go too far back he had to use his right hand to restore it to its proper position. There was no paralysis from this wound affecting the head or neck in any way, nor any limitation of muscular movement, except that resulting from the scar tissue.

The proof shows that insured's occupation of iron molder is a strenuous one, requiring the use of both hands, and that he is totally and permanently incapacitated from engaging in that occupation.

Insured can read and write, having gone through the eighth grade. He is naturally right-handed. He can do any kind of work commonly done by a one-armed man.

Petitioner recovered in the trial court, but on appeal by the insurance company the judgment of the trial court was reversed and the suit dismissed. The correctness of this action of the Court of Appeals is here challenged by an assignment of error.

The condition of petitioner is one of total *partial* disability, or partial total disability, rather than total disability. The partial impairment of the use of one arm cannot be held to ''prevent the employee for life from engaging in any occupation or employment for wage or profit.'' The company did not contract to pay indemnity if the insured became totally disabled to carry on the

business of iron molder. The suit is on the contract, and recovery can only be had according to its tenor and terms. The language of the contract is plain and unambiguous. The parties are bound by its terms. The court cannot under the guise of construction make a new and different contract for the parties. " 'Total' disability is in contradistinction to 'partial' disability, and the one cannot by mere construction be made to cover the other." *Metropolitan Life Ins. Co.* v. *Tessier* (Tex. Civ. App.), 70 S. W. (2d), 209.

In *Metropolitan Life Ins. Co.* v. *Foster* (C. C. A.), 67 F. (2d), 264, the court held that it was common knowledge that a man with only one arm or leg, if not otherwise incapacitated, may do much valuable work, and engage in many gainful occupations, and that construing the policy as one requiring payment for total disability, it was an insurance, not against loss of income, but against loss of capacity to work for compensation or profit.

In *Arico* v. *Prudential Ins. Co. of America*, 241 App. Div. 826, 271 N. Y. S. 241, it was held that insured's loss of one arm by accident did not of itself establish permanent disability within the insurance policy.

In *Koeberl* v. *Equitable Life Assurance Society*, 190 Minn., 477, 252 N. W., 419, the court held that insured, who was able to do much farm work, notwithstanding one arm had been amputated as a result of an accident, was not permanently and totally disabled within the disability clause of the life policy.

Certiorari denied.