PAUL DRAPER

*v.*

GREAT AMERICAN INSURANCE COMPANY.

458 S.W.2d 428.

(*Nashville,* December Term, 1969.)

Opinion filed September 21, 1970.

Joe M. Haynes and Luther E. Cantrell, Jr., Nashville, for complainant-appellant.

Goodpasture, Carpenter, Woods & Courtney, Nashville, for defendant-appellee.

554

MR. JUSTICE McCANLESS delivered the opinion of the Court.

This is an action upon a policy of garage liability insurance commenced in the Chancery Court of Davidson County on April 18, 1963, by Paul Draper, appellant, against Great American Insurance Company, appellee, to recover interest upon a judgment of $85,000.00 rendered by the Circuit Court of Davidson County on June 24, 1957. The Chancellor heard the evidence upon the entire record and entered a decree dismissing appellant's bill. A subsequent decree overruled a motion for a new trial and provided for an appeal which, thereafter, was duly perfected.

The Court of Appeals reversed the Chancellor's decree and entered judgment in favor of appellant, allowing recovery in the amount of $8,275.00. Both appellant and appellee filed petitions for writ of certiorari in this Court, and both petitions were granted.

■ A preliminary question is presented by appellee's first assignment of error. Appellee contends the bill of exceptions should be struck from the record because the bill of exceptions contains exhibits which were not separately identified by the trial judge, although the exhibits were introduced into evidence at the trial with depositions, and the depositions were properly authenticated by the trial judge and the depositions contain contain references to the exhibits. We overrule this assignment of error for we do not consider the exhibits to be material for a determination of the issues presented by this appeal. *Van Dyke v. Inman,* 50 Tenn.App. 493, 362 S.W.2d 795.

The main question presented by this appeal is raised by appellant's assignment of errors Nos. 1 and 2, and appellee's assignment of error No. 2. The question is whether or not under the provisions of a policy of insurance issued by appellee's predecessor in interest to appellee's insured, E. B. Sadler, appellee has agreed to pay all interest accruing upon the total amount of an $85,000.00 judgment, where appellee's liability on the judgment itself is limited to $10,000.00, the face amount of the policy.

Appellant commenced the present action against appellee on April 18, 1963, in the Davidson County Chancery Court, Part II, seeking the recovery of accrued interest on $75,000.00 (which is the difference between the total amount of $85,000.00 judgment less $10,000.00, the policy limits previously paid with interest) at the rate of six per cent per annum for a period of years beginning on October 5, 1957 (date motion for new trial overruled), and ending at the present date. At the conclusion of the

trial, the Chancellor entered a decree dismissing appellant's cause of action and held appellee has fulfilled its obligations under the terms of the policy by paying the policy limits of its policy together with interest thereon to date of payment.

The Court of Appeals reversed the Chancellor and determined that under the provision of the insurance policy, appellee was liable for all interest accruing upon the total amount of the judgment computed at the rate of six per cent per annum for a period of years beginning on October 5, 1957 (date motion for a new trial was overruled), and ending on August 7, 1959 (date of payment to the Clerk of the Supreme Court of $10,000.00, the face amount of the policy, plus $1,269.71 interest thereon, plus $285.95 court costs). Since appellee had previously paid the face amount of the policy of $10,000.00 and interest thereon, the Court of Appeals computed interest upon $75,000.00 and determined appellee's liability to be $8,275.00.

Appellant contends the Court of Appeals was correct in determining appellee is liable for all interest accruing upon the total amount of the judgment, but, nevertheless, contends the Court of Appeals erred in determining the ending date of the interest period to be August 7, 1959, the date of payment of $10,000.00 plus interest thereon to the Clerk of the Supreme Court. Appellant contends the interest period is still running, and that the interest period will continue to run until such time when appellee has fulfilled the total obligations of the policy. For this proposition appellant cites *River Valley Cartage Company v. Hawkeye-Security Ins. Co.*, 17 Ill.2d 242, 161 N.E.2d 101.

Further, appellant contends, assuming that the Court of Appeals correctly determined the ending date of the interest period to be August 7, 1959, appellee is liable for accrued interest computed on $8,275.00 at the rate of six per cent per annum for a period beginning on August 7, 1959, and ending on such date when appellee makes a full and complete payment of the principal of the judgment and interest thereon.

Appellee contends that the Chancellor was correct in determining appellee has fulfilled its obligations under the terms of the policy in paying the policy limits of its policy together with interest thereon to date of payment, and that the Court of Appeals committed error in overruling the Chancellor's decree.

The pertinent language of the policy at issue is contained in the last paragraph, wherein the company agrees to:

"Pay all expenses incurred by the company, all costs taxed against the insured in any such suit, and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * *"

The law in Tennessee is well settled that where a policy of liability insurance provides, "The Company at its own expense will settle or defend said suit, whether groundless or not; the moneys expended in said defense shall not be included in the limitation of liability fixed under this policy", the insurer is liable for interest accruing during an appeal on so much of a judgment as the insurer was liable for. *Casey-Hedges Co. v. Southwestern Surety Co.*, 139 Tenn. 63, 201 S.W. 137.

The opinion of the Court in *Casey-Hedges Co. v. Southwestern Surety Co.*, supra, was delivered by Mr. Justice Green, who said:

"It is said, however, that the whole matter rests in the domain of contract, and that it is competent for the parties to agree that the liability of the insurer shall be so much and no more.

\* \* \* \* \* \*

"Is the interest on the part of a judgment for which the insurer is ultimately liable, accruing during the prosecution of an appeal, taken at the instance of the insurer, a part of the expense of the litigation or of the defense?

"We think it is. The interest on a judgment during such period is fixed by law. It applies to every case and is taxed on every judgment which is not reversed in the appellate courts. It is incident to every appeal and part of the expense of every unsuccessful appeal. The prosecution of an appeal or a writ of error is a part of the defense, and expense so incurred is an expense of the defense. We can see no reason for excluding such an item from the obligation of the policy to reimburse the assured for 'moneys expended in said defense.' "

The decision of the Court in *Casey-Hedges* is sound but distinguishable from the case at bar and is not authority for a determination of the issues now presented. In *Casey-Hedges,* the Court was asked to construe the phrase "money's expended in said defense", so as to include the word "interest" which was not specifically mentioned in the policy provisions. After determining that the phrase "moneys expended in said defense"

included "interest", the Court then computed insurer's liability upon the total amount of the judgment but calculated the insurer's liability for interest according to a ratio obtained by dividing the face amount of the policy, not exceeding the total judgment, by the total judgment.

■ In the language of the policy of insurance in this case, there is a phrase which specifically provides that the appellee agrees to pay "all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * *" The words "all interest accruing" are plain and unambiguous, and the Court cannot construe the words to make a new and different contract for the parties. *United States Stove Corp., for the Use and Benefit of Henderson v. Aetna Life Ins. Co.*, 169 Tenn. 264, 84 S.W.2d 582; *Lewellyn v. State Farm Mut. Auto. Ins. Co.*, 223 Tenn. 542, 438 S.W.2d 741.

By express language contained in the policy of insurance, appellant has agreed to pay "all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limits of the company's liability thereon." The phrase "all interest accruing" is stated without qualification of limitation upon appellee's liability for all interest accruing. The phrase "after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limits of the company's liability thereon", serves merely to establish the period of years during which the interest accrues.

■ All computations of interest involve application of three basic and essential factors; (1) principal

amount, (2) rate, and (3) time period. Appellee's policy provisions unambiguously established the time period, but the policy provisions fail to set forth either the principal amount or the rate upon which "all interest accruing" shall be computed. However, it is to be gathered from the language of the policy that the parties intended interest to be computed upon the total amount of the judgment at the rate of six per cent per annum. T.C.A. 47-14-110 and T.C.A. 47-14-104. Insurance contracts are subject to much the same rules of enforcement and construction which apply to contracts generally. *General American Life Ins. Co. v. Armstrong,* 182 Tenn. 181, 185 S.W.2d 505.

■ We therefore hold by the language of the policy appellee has undertaken to pay all interest accruing upon the total amount of the judgment computed at the rate of six per cent per annum during a period of years beginning on the date of overruling motion for a new trial which in the present case is October 5, 1957, and ending on the date appellee has paid or tendered or deposited in court such part of such judgment as does not exceed the limits of the company's liability thereon, which in the present case is August 7, 1959. Appellee's assignment of error No. 2 is overruled.

In reaching this decision we are of the view that the cases of *River Valley Cartage Co. v. Hawkeye-Security Ins. Co.,* supra, [1959], and *Mayberry v. Home Ins. Co.,* 264 N.C. 658, 142 S.E.2d 626 [1965], express the sound majority rule relating to construction of the phrase "all interest accruing" appearing in the policy provisions presented in the case at bar. Cases involving construction of the language in this policy are discussed at 76

A.L.R.2d 987. However, we reject the view of these cases insofar as they establish the ending date of the interest period to extend farther than the date when the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon. The policy provisions in the case at bar clearly express and set forth the ending date of the interest period. There being no doubt or uncertainty appearing in the policy relating to the ending of the interest period, we will enforce the policy provisions according to their plain meaning. Appellant's assignment No. 1 is overruled.

The next question presented for the Court's determination is raised by appellant's assignment of error No. 2. Appellant contends that, if the Court of Appeals was correct in finding appellee agreed to pay all interest on the total amount of the judgment from October 5, 1957, to August 7, 1959, and that appellee has paid $1,269.71 as part payment of its total outstanding obligation, then the Court of Appeals erred in failing to allow additional interest computed upon the $8,275.00 remainder during a period of years beginning August 7, 1959, and ending January 2, 1970, the date of judgment in the Court of Appeals.

By statutory enactment in Tennessee, interest is allowed as a matter of right upon certain obligations from the date the obligation becomes due. T.C.A. 47-14-107. This statutory enactment, however, limits application for the recovery of interest to obligations which are liquidated or settled, *Hayes v. Cheatham,* 74 Tenn. 1 [1880]; *Cole v. Sands,* 1 Tenn. 106, and obligations where the amount can be determined by mere computation at

commencement of the action. *Rodgers v. United States,* 158 F.2d 835, reversed 332 U.S. 371, 67 S.Ct. 5, 92 L.Ed. 3.

■ Interest as a matter of right is purely statutory, unknown to the common law, and its positive allowance must be confined to those obligations and demands specified and enumerated in statutory provisions, and in cases not so included, it is a matter of discretion in the jury or Chancellor. *Southern Construction Co. v. Halliburton,* 149 Tenn. 319, 258 S.W. 409; *Tenn. Fertilizer Co. v. International Agr. Corp.,* 146 Tenn. 451, 243 S.W. 81; *Fourth & First Bank & Trust Co. v. Fidelity & Deposit Co. of Md.,* 153 Tenn. 176, 281 S.W. 785.

■ The record in this cause very clearly shows that the amount of the obligation has been constantly in dispute since 1959, and can only be settled or liquidated through the present action. We therefore, hold appellee's obligation does not come within the purview of interest allowable as a matter of right, that allowance of interest on appellee's obligation was purely a matter of discretion in the Court of Appeals, and there is nothing in the record that establishes an abuse of discretion. Appellant's assignment of error No. 2 is overruled.

■ Appellant's third and final assignment of error avers that the Court of Appeals erred in finding appellant was not entitled to additional damages equal to twenty-five per cent of any recovery awarded appellant for those acts of appellee which were not in good faith and caused appellant additional damages.

We overrule this assignment of error for the reasons stated in the language of this Court in *Tennessee Farmers Mutual Ins. Co. v. Cherry,* 213 Tenn. 391, 374 S.W.2d

371 [1964]. Mr. Justice Dyer delivered the opinion of the Court:

"In an analysis of the Peoples Bank case [cited, *Peoples Bank & Trust Company v. United States Fidelity & Guaranty Co.*, 156 Tenn. 517, 3 S.W.2d 163 (1927)] it is well to note interest was not allowed under the common law. The legislature, first in 1835, enacted a statute, now Sec. 47-1607, T.C.A. wherein certain written obligations, classified therein, were to bear interest from the time they became due. In 1901 the legislature enacted the statute to be construed (Sec. 56-1105, T.C.A.), which used the language the insurer 'shall be liable to pay the holder of said policy, in addition to the loss *and interest thereon,* a sum not exceeding twenty five per cent * * *.' (Italics ours). The Court then reasoned the legislature intended Sec. 56-1105, T.C.A. to apply to that class of written contracts, which written contracts themselves, bore interest from the time they became due. This statute then would not affect that class of written contracts which did not bear interest."

* * * * * *

"The obligations on the part of the Insurance Company in the case at bar arises from a liability policy issued to their insured, wherein the Insurance Company agrees to pay, on behalf of the insured and within specified limits, all sums which the insured shall become legally obligated to pay as such damages because of personal injury or death of any person, or because of injury to, or destruction of property, caused by accident arising out of the ownership maintenance, or use of the vehicle insured. This type of insurance

contract would not bear interest prior to any judgment secured thereon and then only upon the judgment; therefore Section 56-1105, T.C.A. would not be applicable to such obligations.''

For all of the foregoing reasons the judgment of the Court of Appeals is affirmed with costs taxed against the appellee.

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.