MEMPHIS FURNITURE MANUFACTURING COMPANY, Plaintiff-in-Error,

v.

AMERICAN CASUALTY COMPANY, Defendant-in-Error.

Supreme Court of Tennessee.

May 15, 1972.

Farris, Hancock, Gilman, Branan & Lanier, Memphis, for plaintiff in error.

Leo Bearman, Memphis, for defendant in error; Leo Bearman, Jr., Memphis, of counsel.

## OPINION

CHATTIN, Justice.

This is an appeal by plaintiff below from an adverse judgment of the trial judge dismissing its suit against the Insurance Company for damages to a tractor-trailer allegedly caused by fire.

The matter was tried upon the following stipulation of facts:

"1. Plaintiff is a Tennessee Corporation with its place of business in Memphis, Shelby County, Tennessee and defendant is a foreign insurance company doing business in Tennessee with a local office in Memphis, Tennessee.

"2. On August 13, 1969 there was in full force and effect a comprehensive insurance policy issued by the defendant to the plaintiff, under which policy coverage O is the only applicable provision. The copy of said coverage is attached to this stipulation and made a part hereof.

"3. On August 13, 1969, a tractor-trailer belonging to the plaintiff and covered under the above policy was involved in an accident on Interstate 40 near Waverly, Tennessee exit.

"4. While the tractor-trailer was operating on Interstate 40, a tire on the tractor unit blew out and the tractor-trailer rig struck and tore out the guard rail along the Interstate, plunging in flames down the adjoining embankment.

"5. The collision of the tractor-trailer rig with the guard rail caused the tractor-trailer unit to burst into flames.

"6. The tractor-trailer was not on fire until after it struck the guard rail.

"7. Defendant has refused to pay plaintiff any sum under the policy of insurance in question."

Coverage O in the policy of insurance, in part, provides:

"From any cause except collision; but, for the purpose of this coverage . . . loss caused by fire . . . shall not be deemed loss caused by collison."

Plaintiff contends the trial judge was in error in dismissing its suit for damages caused by the fire.

Plaintiff concedes it is not entitled to recover under the policy for any damages to the tractor-trailer caused solely by the collision with the guard rail. It insists it stands ready to present expert testimony to allocate the damages between the collision and that caused by the fire.

Plaintiff contends the only reasonable interpretation of the language in coverage O quoted above is that loss caused by fire, whether precipitated by a collision or any other cause, is covered by the policy.

We must disagree. The question of whether the damages to the tractor-trailer were the result of a risk against which the insured was covered by the policy must be determined from a consideration of the policy as a whole, construing any ambiguities against the Insurance

Company, to ascertain the intention of the parties as it is disclosed by the language of the policy. Colley v. Pearl Assur. Co., 184 Tenn. 11, 195 S.W.2d 15 (1946).

It is clear to us loss or damage to the tractor-trailer caused by the collision is expressly excepted from the coverages under the terms of the policy. In other words, we think the parties intended and expressed their intention without ambiguity that damages to the tractor-trailer resulting from the collision with the guard rail and the consequent and incidental damages caused by the fire as a result of the collision were excepted from the coverage.

Furthermore, it is quite clear to us that had a fire caused the driver of the tractor-trailer to lose control of it and strike the guard rail and overturn and demolish it, the consequent and incidental damages from the collision would have been compensable under the policy.

We are convinced the contract is unambiguous; that the parties intended that consequent damages to the vehicle caused by a collision were excepted from the coverages; and that consequent damages to the vehicle caused by fire were covered.

As suggested by astute Counsel for defendant, in order for us to construe the meaning of the language as insisted by Counsel for plaintiff we would have to elide the word "caused" from the phrase "loss caused by fire."

■ The coverage would then read: "from any cause except collision; but, for the purpose of this coverage—loss by fire —shall not be deemed loss caused by collision." Where an insurance contract is plain and unambiguous, courts cannot under the guise of construction make a new and different contract for the parties. United States Stove Corp. v. Aetna Life Ins. Co., 169 Tenn. 264, 84 S.W.2d 582 (1935).

There is no controversy as to the cause of the fire and its consequent damage. It is stipulated the collision of the tractor-trailer with the guard rail caused it to burst into flames.

In other words, it is stipulated the proximate cause of the damage by fire to the tractor-trailer was the collision with the guard rail.

Accordingly, we are not required to discuss the so-called proximate cause rule as in Lunn v. Indiana Lumbermens Mut. Ins. Co., 184 Tenn. 584, 201 S.W.2d 978 (1930).

The judgment of the trial judge is affirmed with costs.

DYER, C. J., CRESON and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.