**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,**

v.

**Robert Edward GOTHARD d/b/a Rhea County Ambulance Co., Appellee.**

Supreme Court of Tennessee.

Jan. 26, 1976.

E. Blake Moore, W. Ferber Tracy, Chattanooga, for appellant; Spears, Moore, Rebman & Williams, Chattanooga, of counsel.

W. B. Luther, Chattanooga, for appellee; Luther, Anderson, Ruth & Cleary, Chattanooga, of counsel.

## OPINION

WILLIAM H. INMAN, Special Justice.

This is a suit on a policy of automobile liability insurance. Appellee, plaintiff below, alleged that he was the named insured in a policy issued by appellant, defendant below, affording personal injury coverages of $10,000.00/20,000.00 and that appellant refused in bad faith to perform its contract. During the alleged effective period of the policy a 1964 Pontiac ambulance operated by appellee was involved in a traffic accident resulting in judgments against appellee aggregating $120,000.00. Appellee engaged his personal counsel for defense purposes when appellant declined to provide a defense for him. Appellant contended that the policy in question did not insure the 1964 Pontiac because it was owned by the named insured and was not described in the policy.

The Chancellor held that the 1964 Pontiac was a temporary substitute automobile and that under the provisions of the policy it was thus an insured automobile. He allowed recovery of the policy limits of $20,-000.00, and costs of defense of $1,000.00, but found in favor of appellant on the issue of

bad faith. The Court of Appeals affirmed the judgment of basic coverage, but reversed the judgment which found absence of bad faith and held appellant liable for the excess of the judgments over basic limits of coverage.

This Court granted certiorari to review the judgment of the Court of Appeals that the denial of coverage was a bad faith breach of contract and imposing liability for the excess of the judgments over the basic limits of coverage.

Appellee owned, among other vehicles, a 1965 Ford ambulance which became mechanically disabled. He then acquired a 1964 Pontiac ambulance from Felix Garrison, a funeral home operator, and installed his emergency equipment on it. Mr. Garrison had no title certificate for this vehicle, which he had acquired two years previously, but executed a bill of sale to appellee which he did not deliver until a date subsequent to the accident. No monetary consideration was agreed upon or paid,[1] but evidence was adduced that appellee performed valuable services thereafter for Mr. Garrison for which he was not paid.

The accident occurred about sixty days after appellee had acquired the 1964 Pontiac ambulance.

Following the accident, appellant's investigator interviewed appellee a portion of whose statement is reproduced here:

"Q. How long have you owned this particular ambulance?

A. I'd have to check it, I'd say 60 days, something like that or a little bit longer, any way I had it and I put lights on the car a little while after I bought it.

Q. Who did you buy it from?

A. I bought it from Felix Garrison."

Appellant initially denied coverage on the basis of the foregoing statement by the appellee, insisting in the trial court and in the Court of Appeals that it had the legal right to rely on its insured's statement concerning his ownership of the 1964 Pontiac.

Section IV(a)(3) of the policy provides: TEMPORARY SUBSTITUTE AUTOMOBILE. An automobile not owned by a named insured . . . while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repairs, servicing, loss or destruction.

■ The Chancellor found that the 1965 Ford ambulance was withdrawn from service owing to mechanical breakdown, and was temporarily replaced by the 1964 Pontiac which he found from a totality of the evidence was a non-owned vehicle at the time of the accident. The Court of Appeals concurred in this factual finding, foreclosing this issue if there is material evidence to support the the the concurrence. T.C.A. 27–113. *Provident Washington Insurance Co. v. Reese*, 213 Tenn. 355, 373 S.W.2d 613 (1963). This record is replete with material evidence supportive of the factual conclusions of the Chancellor and Court of Appeals.

■ With respect to the issue of bad faith, the case of *National Service Fire Insurance Co. v. Williams*, 61 Tenn.App. 362, 454 S.W.2d 362 (1969) is quite apposite. At issue were the questions of basic coverage and liability for an excess judgment. The described automobile was operated at the time of the accident by a permittee of the authorized permittee, in violation of the orders of the named insured and the insurer denied coverage. The Court of Appeals addressed the question of bad faith as follows:

"We think an insurer . . . is justified in accepting as true the information given it by its named insured which has a bearing on the liability of the insured under its policy, and that the insurer can act reasonably on the basis of the infor-

1. Mr. Garrison testified that the proposed purchase price of $2850.00 was to be paid by appellee "according to the outcome of things."

mation without being guilty of bad faith."

". . . to the contrary, we think the evidence shows that the defendant acted under the reasonable and bona fide belief that Bobby Proffitt (the second permittee) was not an 'additional insured' . . . ."

In view of the fact that appellee, the named insured, declared, in two recorded statements, that he owned the 1964 Pontiac (in which event there would admittedly have been no coverage), and that he purchased it from Felix Garrison and installed his own emergency equipment on it, we hold the evidence shows appellant acted under the reasonable and bona fide belief that appellee owned the Pontiac ambulance, and that appellant was justified in relying on its insured's representations to that effect. *National Service Fire Insurance Co. v. Williams*, supra.

We hold that appellant is not liable for the judgments in excess of basic coverage afforded by the policy.

■ Appellant questions its oneration of interest on the entire amount of the judgments, and insists that, if basic coverage is found to exist, it is liable for interest only on the basic coverage. This contention was decided adversely to appellant in the case of *Draper v. Great American Ins. Co.*, 224 Tenn. 552, 458 S.W.2d 428 (1970), which was concerned with a policy provision identical to that involved here:

"We therefore hold by the language of the policy (appellant) had undertaken to pay all interest accruing upon the total amount of the judgment . . . ."

The judgment of the Court of Appeals finding bad faith and allowing recovery of the excess of the judgment over basic coverage is reversed, and that of the Chancery Court affirmed. The judgment of the Court of Appeals is otherwise affirmed. Costs on appeal are taxed equally to the parties.

FONES, C. J., and HENRY, HARBISON and COOPER, JJ., concur.